UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   NOT FOR PUBLICATION
JASWINDER WALIA,

                         Plaintiff,   **ORDER**

          -against-   17-CV-6940 (PKC) (LB)

HILTON WORLDWIDE INC.,

                         Defendant.
------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      On November 13, 2017, Plaintiff Jaswinder Walia, appearing *pro se*, filed this action against Defendant Hilton Worldwide Inc., New York Hilton Midtown ("Hilton") alleging employment discrimination pursuant to Title VII of the Civil Rights Act. Plaintiff's application to proceed *in forma pauperis* ("IFP") is denied as set forth below. The Court directs Plaintiff to pay the filing fee of $400 or file an amended IFP application within 21 days of the date of this Order in order to proceed with this action.

      The purpose of the IFP statute is to insure that indigent persons have equal access to the judicial system. *Davis v. N.Y.C. Dep't of Educ.*, No. 10 CV 3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. N.Y.C. Health & Hosp. Corp.*, No. 07 CV 1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350. Effective May 1, 2013, an additional $50 fee is now required for a total fee of $400.

Whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the district court. *Cabey v. Atria Senior Living*, No. 13 CV 3612, 2014 WL 794279, at *1 (E.D.N.Y. Feb. 26, 2014); *Pinede v. N.Y.C. Dep't of Environmental Protection*, No. 12 CV 6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013). According to Plaintiff's IFP application, it is unclear whether Plaintiff is currently employed as he does not provide the name and address of his current employer. However, Plaintiff states that his gross pay per year is $83,679 and take-home pay is $75,000 per year, that he has $400 in a checking or savings account, along with expenses and debts. (*See* Doc. No. 2, IFP App.) At present, Plaintiff's IFP application does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Therefore, Plaintiff's request to proceed IFP is denied.

## CONCLUSION

Accordingly, Plaintiff must pay the $400 filing fee to the Clerk of Court or file an amended IFP application within 21 days of the entry date of this Order in order to proceed with this action. If Plaintiff files an amended IFP application, he must clarify whether he is currently employed by providing the employer's name and address. If not currently employed, Plaintiff must state whether there are other sources of income, such as unemployment insurance payments or public assistance benefits. All further proceedings shall be stayed for 21 days or until Plaintiff has complied with this Order. If Plaintiff fails to comply with this Order within the time allowed, the case shall be dismissed without prejudice. The Clerk of Court is directed to send an IFP application to Plaintiff along with this Order.

SO ORDERED.

s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: December 15, 2017
      Brooklyn, New York